## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**DUSTIN RAY McDOWELL**                                                           **PLAINTIFF**

**v.**                                                     **CIVIL ACTION NO. 1:15-CV-104-GNS**

**OFFICER WAYNE HORDING et al.**                                   **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff, Dustin Ray McDowell, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed in part and allowed to continue in part.

### I. SUMMARY OF CLAIMS

Plaintiff was a convicted inmate at the Logan County Detention Center (LCDC) when he filed his complaint. He names as Defendants, in their official capacities, the following Logan County employees: LCDC Jailer Phil Gregory; Logan County Judge Executive, Logan Chick; and LCDC correctional officers Benny Kenny and Wayne Hording.

Plaintiff states that he has named Defendant Chick as a defendant "for not enforcing 'PREA' information" in LCDC. He alleges that he has the right to have information on what to do if he is sexually assaulted.

Plaintiff next alleges that "the jail retaliated on me by locking me outside on Saturday, July 18, 2015 for 3 hours in 100º heat with no water or anything to drink and my threatening with terroristic threatening over a old phone recording on July 22, 2015 and putting me in the hole."

Plaintiff further alleges that he was sexually molested by Defendant Hording in strip searches from the middle of June to early July.  He states, "Also for not enforcing the jail to 2 correctional officers present during strip searches.  There was only 1 present during the strip searches allowing for the sexual assault I went through to happen."  He further alleges that he was:

> abused mentally by [Defendant Kenny] adding extra procedures in the strip searches on July 18, 2015.  It was an effort to cover up for Wayne Hording.  Captain Benny Kenny would have me squat and cough then walk across the room and bend over and spread my butt cheeks, just like Officer Wayne Hording did to me before the sexual assault.  It made me cry and feel like I was nothing.  It was Jailer Phil Gregory's orders to do that.

He alleges that if Defendant Gregory had better security by having another correctional officer present during strip searches Defendant Gregory could have prevented everything that happened to Plaintiff.

Plaintiff further states:

> Captain Benny Kenny I made complaint to him on July 7th, 2015 about how I felt uncomfortable with Wayne Hording strip searching me and he didn't file it.  He also violated my rights by putting me outside for 3 hours on July 18, 2015 in 100º heat without any water or anything to drink.  I was mistreated and he retaliated against me to try and discourage inmates from reporting abuse suffered at the hands of the officers at the Logan County Jail.

Plaintiff further alleges that Defendant Hording violated his right to not be sexually abused during strip searches by pushing him against the wall "real hard after i undressed and hold me there then reach down and start playing with my penis."  According to the complaint, Defendant Hording also told Plaintiff "multiple times that if I told anybody he would lock me down by planting something in my rack while I was at work."

As relief, Plaintiff requests monetary damages and to have therapy paid for the rest of his life.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Claim against County Executive*

Plaintiff's claim against the Logan County Judge Executive, Defendant Chick, is "for not enforcing 'PREA' information" in LCDC.

The Prison Rape Elimination Act (PREA) seeks to compile data and statistics concerning incidences of prison rape and to adopt standards to combat the same and does not confer upon Plaintiff any extra rights outside of the normal prison grievance system. *See generally* 42 U.S.C. §§ 15601-15609; *see also Jones v. Schofield*, No. 1:08-CV-7, 2010 WL 786585, at *3 (M.D. Ga. Mar. 4, 2010) (noting that the "PREA does not confer a private right of action to individuals").

"Nothing in the PREA suggests that Congress intended to create a private right of action for inmates to sue . . . officials for noncompliance with the Act." *De'Lonta v. Clarke*, No. 7:11cv483, 2012 WL 4458648, at *3-4 (W.D. Va. Sept. 11, 2012) (granting summary judgment on a § 1983 failure-to-train claim because the PREA "authorizes grant money" and "creates a commission to study" the issue of prison rape, but it "does not grant prisoners any specific rights").

Consequently, Plaintiff's claim against Defendant Chick will be dismissed for failure to state a claim upon which relief may be granted.

### *Remaining claims*

Plaintiff sues each of the defendants in their official capacities. If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against Defendants in their official capacities are actually brought against the Logan County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, like Logan County, a court must consider not only whether Plaintiff's harm was caused by a constitutional violation but also whether the municipality is responsible for the constitutional violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d

1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

     A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

     Here, the complaint alleges a custom or policy with regard to the procedure used during strip searches. However, with regard to Plaintiff's claims related to retaliation and Defendant Hording's alleged sexual abuse, the complaint does not allege that a custom or policy was at fault. Without such an allegation, the official-capacity claims fail. However, the Court will provide Plaintiff with an opportunity to amend to name the remaining Defendants in their individual capacities. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder

Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claim against Defendant Chick is **DISMISSED** for failure to state a claim upon which relief may be granted. The Clerk of Court is **DIRECTED** to terminate Defendant Chick as a Defendant in this action.

**IT IS FURTHER ORDERED** that the official-capacity claims against the remaining Defendants with regard to the retaliation and sexual abuse claims are **DISMISSED** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **within 30 days** of entry of this Order Plaintiff may amend his complaint to name the remaining Defendants in their individual capacities regarding his claims related to retaliation and sexual abuse. The Clerk of Court is **DIRECTED** to send to Plaintiff a 42 U.S.C. § 1983 complaint form with the case number and the word "AMENDED" affixed thereto.

Date: May 12, 2016

                                                        **Greg N. Stivers, Judge**
                                                        **United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
        Logan County Attorney
4416.009