UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00104-GNS

DUSTIN RAY MCDOWELL                                                                PLAINTIFF

v.

OFFICER WAYNE HORDING;
CAPTAIN BENNY KENNY;
CAPTAIN KAIN; and
PHIL GREGORY                                                                    DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Dustin Ray McDowell ("McDowell") filed this *pro se* action under 42 U.S.C. § 1983 and proceeded *in forma pauperis*.  At the time of filing the Complaint, McDowell was a prisoner at the Logan County Detention Center but has since been released.

In accordance with 28 U.S.C. § 1915A, the Court conducted an initial review of the Complaint.  On May 13, 2016, the Court entered a Memorandum and Scheduling Order dismissing certain claims asserted by McDowell but granting him leave to amend the Complaint to assert claims related to retaliation and sexual against the remaining Defendants in their individual capacities.  (Mem. Op. & Order 6, DN 12).  Subsequently, on July 22, 2016, the Court dismissed McDowell's claims of retaliation and alleged sexual abuse by Defendant Wayne Hording.  (Order 1, DN 14).

On October 19, 2016, Defendants moved to compel discovery from Plaintiff.  (Defs.' Mot. Compel, DN 17).  When McDowell failed to respond to the motion or provide the

requested discovery, the Court granted the motion and directed McDowell to provide the requested discovery within 21 days of December 22, 2016.  (Order, DN 18).

Despite the Court directing McDowell to respond to the outstanding discovery requests, Plaintiff still did not comply.  On January 18, 2017, Defendants moved to dismiss the case due to Plaintiff's failure to comply with the Court's prior discovery order.  (Defs.' Mot. Dismiss 2, DN 19).  After McDowell failed to respond to the motion, the Court directed him to respond to the pending motion or otherwise show cause as to why the Court should not grant the motion and dismiss the cause by no later than March 31, 2017.  (Order, DN 20).  McDowell did not respond to the show cause order or the pending motion.

When McDowell filed this action, he assumed the responsibility to actively litigate his claims.  Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ."  Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case.  *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  "[T]he lenient treatment of pro se litigants has limits.  Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (internal citation omitted) (citing *Jourdan*, 951 F.2d at 110).  Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

2

Upon review, the Court finds that Plaintiff's failure to comply with the Court's Orders shows a failure to pursue his case.  Accordingly, by separate Order, the Court will **DISMISS** the instant action and will **DENY** Defendants' Motion to Dismiss (DN 19) **AS MOOT**.

**Greg N. Stivers, Judge**
**United States District Court**

April 3, 2017

cc:     Dustin Ray McDowell, *pro se*
        counsel of record